DECEMBER, 1821.

Lacy, Admr. of Wm. Simpson *against* George Simpson.

JUDGE *Lipscomb* delivered the opinion of the Court.

This case comes up by writ of Error on the judgment of the Circuit Court of *Madison* County, affirming the judgment of the Orphans' Court, by which the plaintiff in Error, as Admr. of *Wm. Simpson*, was ordered to make title to defendant for a tract of land. It is assigned as Error, that it does not appear by the Record that *Wm. Simpson* had any title or estate in the land directed to be conveyed. The petition of *George Simpson* alleges that on a settlement of accounts, *William Simpson*, the intestate, promised and agreed, by a certain writing, subscribed with his own hand, "to clear out of the Land Office and transfer to peti- "tioner" a certain quarter section of land, (describing it) on Aldridge's Creek. The contract, or writing above mentioned, is not set out in the Record. From its tenor, as collected from the petition, it appears that the title to the land was not in *Wm. Simpson*, but in the United States. By the Statute, under which this proceeding was had, it is enacted that " where any person, owning lands or tenements, shall sell the " same and enter into Bond or obligation to make titles there- " to, and shall depart this life without having made titles, " that then and in that case, the person to whom such bond " or obligation was given, his executors, or administrators " may petition the Orphans' Court of the County where " probate of the will of such deceased person was taken, or " letters of administration granted, to make titles agreeable " to the Bond or obligation," &c. (See Laws Alaba. p. 248 —9.) It is believed that the powers given to the Orphans' Court, by this Act, are not greater than those of a Court of Chancery, and that the object of the Statute was to afford a more summary remedy than by bill in Chancery. A Chancellor should not decree a specific performance of that which it was impossible to perform. A Court of Chancery would not decree specific performance of the obligation of A, to make title to C, of lands belonging to B. From the instrument, as recited, it appears that *William Simpson* did not own the land when it was given. Nor does it appear that he, or his representatives, ever owned it.

Another objection, equally fatal to the judgment below, is that this instrument was not under seal. To bring the case within the Statute, it was essential that the intestate owning land, should have entered into *Bond* or *obligation* to make title thereto. From the petition it appears that he

On a written undertaking of intestate " to clear out of the Land Office and transfer" a certain tract of land, the Orphans' Court has no power, under the Statute, to order or decree that the admr. make title.

DECEMBER, 1821.
Lacy, Admr. of
Wm. Simpson,
v.
George Simpson.

did not own the land, and that the writing was not a Bond or obligation.   Judgment reversed.

The Chief Justice having been of Counsel, did not sit.

*Minor*, for plaintiff.

*Henderson*, for defendant in Error.